IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Criminal No. 2:16-CR-083-D(1) |
| § | |
| MOISES JIMENEZ, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this memorandum opinion and order the court addresses whether the government should be ordered to disclose the identity of any confidential informant to defendant Moises Jimenez ("Jimenez").

I

In a memorandum opinion and order filed on July 26, 2017, the court directed that "[i]f the government has used an informant in investigating or prosecuting Jimenez, it must notify the court *in camera* no later than July 31, 2017." July 26, 2017 Mem. Op. at 6. The government has made a timely disclosure, indicating that law enforcement used information from confidential informants in applying for a search warrant in this case and in obtaining general intelligence during the investigation of Jimenez. The government also represents that it used confidential informants when conducting controlled buys of narcotics from Jimenez. The government states in its disclosure that it does not intend at this time to call any confidential informants as witnesses at trial.

II

The disclosure of an informant's identity is governed by a balancing test. The public's interest in protecting the free flow of information and the informants' safety and security must be weighed against the defendant's right to prepare a defense. *Roviaro v. United States*, 353 U.S. 53, 62 (1957). The privilege against disclosing informants is limited when it is unfair to the defendant. If the information will not reveal the identity of an informant, or the informant's identity is relevant to the defense of the accused, the privilege must give way. *Id*. at 60-61.

In applying *Roviaro* the Fifth Circuit has established a three-part test to determine the applicability of the informant's privilege. *See United States v. De Los Santos*, 810 F.2d 1326, 1331 (5th Cir. 1987). The court must first consider the level of the informant's participation in the criminal activity. The greater the informant's participation, the greater the appropriateness of disclosure. *Id*. Second, the court must determine the extent to which disclosure will assist the defense of the accused. Disclosure is not warranted by "'[m]ere conjecture or supposition about the possible relevancy of the informant's testimony.'" *Id*. (quoting *United States v. Gonzales*, 606 F.2d 70, 75 (5th Cir. 1979)). Third, the court must also evaluate the government's interest in maintaining the informant's anonymity. The safety of the informant and the informant's future usefulness to authorities are the principal criteria to be considered by the court in this context. *Id*.

In Jimenez's January 17, 2017 discovery motions, he requests to review reports of polygraph tests administered to participating government informants; discovery of any

psychiatric examinations that may have been administered to any informant witnesses; discovery of any notes, tapes, and/or memoranda that may have been made by any person acting as an informer; disclosure of whether any informer has communicated with him since the commencement of adversarial proceedings against him (in this case or any related state case); and discovery of any inconsistent statements made at any time by any government informant concerning Jimenez's involvement in the acts alleged in the indictment. And Jimenez asks that the government attorney be ordered to question informants about discoverable evidence or materials. Given the limited nature of Jimenez's discovery requests concerning informants and the government's representation that no informants will be called as witnesses at trial, the court concludes after weighing the three factors of *De Los Santos* that Jimenez has not demonstrated that the government should be required to disclose the identity of any confidential informant. Of course, if the government decides to call a confidential informant as a witness at trial, it must include that person's name on its witness list.

**SO ORDERED**.

August 4, 2017.

*[signature]*
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE