IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 2:16-CR-083-D(1) |
| | § | |
| MOISES JIMENEZ, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Defendant's August 18, 2017 motion for leave to file motion to suppress is denied. The motion was filed over one month after the July 17, 2017 motion deadline, after the August 16, 2017 pretrial conference, and on the Friday afternoon before trial is scheduled to commence on Monday, August 21, 2017—i.e., literally at the eleventh hour. Defendant maintains that his counsel did not see the search warrants until he recently received materials from the United States Attorney. But search warrants are routinely discoverable well before trial in the exercise of due diligence. Defendant's current counsel entered the case on June 14, 2017. He could easily have obtained copies of the search warrants within the approximately two months between that date and today. The motion is clearly untimely, and defendant has failed to demonstrate good cause for the late filing.

Additionally, defendant appears to maintain in his proposed motion to suppress that the county court judge who issued the search warrant lacked the authority to do so. But he does not address the *Leon* good faith exception that applies when officers execute a search pursuant to a warrant. "Under the good-faith exception, evidence obtained during the execution of a warrant later determined to be deficient is admissible nonetheless, so long as the executing officers' reliance on

the warrant was objectively reasonable and in good faith." *United States v. Payne*, 341 F.3d 393, 399 (5th Cir. 2003) (citing *United States v. Leon*, 468 U.S. 897, 921-25 (1984)).

Defendant's August 18, 2017 motion for leave to file motion to suppress is denied.

**SO ORDERED**.

August 18, 2017.

*[signature]*
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE