IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 2:16-CR-083-D |
| MOISES JIMENEZ | |

TITLE 21, UNITED STATES CODE, SECTION 851, INFORMATION
REGARDING NOTICE OF SENTENCING ENHANCEMENT

The United States Attorney charges:

The Defendant, Moises Jimenez, committed the offense alleged in count two of the superseding indictment (filed July 26, 2017), after having been convicted of prior "felony drug offenses" and after said prior "felony drug offenses" had become final. The Court, the defendant, and defendant's attorney, Ronald T. Spriggs, are hereby notified that the United States of America relies upon the following prior convictions for a "felony drug offense," which have become final, under the enhancement provision of Title 21, United States Code, Section 841(b)(1)(A):

**First Felony Drug Offense Conviction**:

On or about February 4, 2008, in the 137th District Court of Lubbock County, Texas, Jimenez was convicted upon his plea of guilty to the felony drug offense of Possession of a Controlled Substance in Penalty Group One, in an amount of more than one gram but less than four grams, a third degree felony, which offense was committed on or about April 13, 2007, as charged in an indictment filed in Cause Number 2007-

**Title 21, United States Code, Section 851 Information Regarding
Notice of Sentencing Enhancement - Page - 1**

416861. The Court sentenced Jimenez to seven years imprisonment. This conviction is a "felony drug offense" as defined by Title 21, United States Code, Section 802(44). *See United States v. Sandle*, 123 F.3d 809, 812 (5th Cir. 1997).

**Second Felony Drug Offense Conviction**:

On or about November 8, 2005, in the 251st District Court of Potter County, Texas, Jimenez was convicted upon his plea of guilty to the felony drug offense of Manufacture or Delivery of a Controlled Substance in Penalty Group One, in an amount of more than one gram but less than four grams, a second-degree felony, which offense was committed on or about September 30, 2004, as charged in an indictment filed in Cause Number 50320. The Court originally sentenced Jimenez to four years imprisonment, probated for four years; Jimenez's probation was revoked on or about September 27, 2007 and Jimenez was sentenced to three years imprisonment. This conviction is a "felony drug offense" as defined by Title 21, United States Code, Section 802(44). *See United States v. Whitehead*, 299 Fed. Appx. 420, 422 (5th Cir. 2008) (per curiam) (unpublished decision).

**Third Felony Drug Offense Conviction**:

On or about October 26, 2004, in the 251st District Court of Potter County, Texas, Jimenez was convicted upon his plea of guilty to the felony drug offense of Possession of a controlled substance in Penalty Group One, less than one gram, a state-jail felony, which offense was committed on or about July 15, 2002, as charged in an indictment filed in Cause Number 46493. The Court originally sentenced Jimenez to four years

probation; Jimenez probation was revoked on or about September 27, 2007 and Jimenez was sentenced to twenty months imprisonment. This conviction is a "felony drug offense" as defined by Title 21, United States Code, Section 802(44). *See Sandle*, 123 F.3d at 812.

The United States Attorney for the Northern District of Texas relies upon these prior convictions as "felony drug offense[s]," which have become final, for increased punishment as to count two of the superseding indictment, under the provisions of Title 21, United States Code, Section 841(b)(1)(A). Title 21, United States Code, Section 841(b)(1)(A) provides:

> If any person commits a violation of this subparagraph or of sections 849, 859, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a **mandatory term of life imprisonment without release** and fined in accordance with the preceding sentence. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph. No person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed therein.

The United States Attorney for the Northern District of Texas files this Information under Title 21, United States Code, Section 851.

Respectfully Submitted,

JOHN R. PARKER
UNITED STATES ATTORNEY


s/ *Sean Long*
SEAN LONG
Assistant United States Attorney
Texas State Bar No. 24056734
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:   806-472-7351
Facsimile:    806-472-7394
E-mail:         sean.long@usdoj.gov

CERTIFICATE OF SERVICE

On August 18, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.   I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Criminal Procedure 49.


s/ *Sean Long*
SEAN LONG
Assistant United States Attorney

**Title 21, United States Code, Section 851 Information Regarding**
**Notice of Sentencing Enhancement - Page - 4**