IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Criminal No. 2:16-CR-083-D(1) |
| § | |
| MOISES JIMENEZ, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

A jury convicted defendant Moises Jimenez ("Jimenez") of the offenses of distribution and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); distribution and possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Jimenez testified at trial. Because the court finds that Jimenez committed perjury during his testimony, the court adds two levels to the advisory guideline offense level for obstruction of justice, and enters these tentative findings in support of this determination.

I

U.S.S.G. § 3C1.1 provides that the offense level shall be increased two levels "[i]f (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the . . . prosecution . . . of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of

conviction and any relevant conduct[.]" "Though the court may not penalize a defendant for denying his guilt as an exercise of his constitutional rights, a sentence may be enhanced if the defendant commits perjury." *United States v. Como*, 53 F.3d 87, 89 (5th Cir. 1995) (citing *United States v. Laury*, 985 F.2d 1293, 1308 (5th Cir.1993)). Under the Sentencing Guidelines, the court is required to enhance a sentence upon a proper determination that the accused committed perjury. *United States v. Humphrey*, 7 F.3d 1186, 1191 (5th Cir. 1993) ("If the district court finds that [the defendant] did commit perjury, it must impose a two-level enhancement of his sentence."); *United States v. Butler*, 988 F.2d 537, 544 (5th Cir. 1993).[1]

According to the application notes, this enhancement applies to "committing, suborning, or attempting to suborn perjury." U.S.S.G. § 3C1.1, comment n. 4(b) (Nov. 1, 2016 Manual). Federal law defines perjury as giving false testimony concerning a material matter with the willful intent to provide false testimony rather than as a result of confusion, mistake, or faulty memory. *See United States v. Dunnigan*, 507 U.S. 87, 94 (1993) (citing 18 U.S.C. § 1621(1)). Nevertheless, "not every accused who testifies at trial and is convicted will incur an enhanced sentence under § 3C1.1 for committing perjury." *Id.* at 95. Because there are reasons why a defendant may testify falsely without committing perjury, *see* U.S.S.G. § 3C1.1, comment n.2 (Nov. 1, 2016 Manual), "if a defendant objects to a sentence

---

[1]The court recognizes that the Guidelines are advisory. But "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," and "the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

enhancement resulting from [his] trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition [the Supreme Court has] set out." *Dunnigan*, 507 U.S. at 95. "[I]t is preferable for a district court to address each element of the alleged perjury in a separate and clear finding." *Id.*; *United States v. Como*, 53 F.3d 87, 89 (5th Cir. 1995) (preferred course is to make clear finding on each element of the alleged perjury). "The district court's determination that enhancement is required is sufficient, however, if . . . the court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury." *Dunnigan*, 507 U.S. at 95.

Factual determinations at sentencing are made according to U.S.S.G. § 6A1.3(a). U.S.S.G. § 6A1.3(a) (Policy Statement) (Nov. 1, 2016 Manual). "[T]he court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information had sufficient indicia of reliability to support its probable accuracy." *United States v. Bermea*, 30 F.3d 1539, 1576 (5th Cir. 1994). The preponderance of the evidence standard applies to such determinations. *See United States v. Mergerson*, 995 F.2d 1285, 1291 (5th Cir. 1993) (holding that it is well established in this circuit that, as a general matter, the burden of proof at sentencing is by a preponderance of the evidence).

II

The court enters these tentative findings in support of its determination that Jimenez committed perjury during his trial testimony.

Using a preponderance of the evidence standard, and based upon the evidence adduced at trial, including defendant Jimenez's testimony, the court finds that at least the following testimony[2] constituted (1) false testimony by Jimenez, (2) given under oath at trial, (3) concerning a material matter, (4) that Jimenez did not believe to be true, and (5) that he gave with the willful intent to provide false testimony rather than as a result of confusion, mistake, or faulty memory. The court finds that Jimenez gave this testimony willfully to obstruct or impede, or attempt to obstruct or impede, the administration of justice during the prosecution of the instant offense.

The testimony on which the court bases the perjury enhancement is as follows:

> Q. Now, the stuff that they found in the apartment, was any of those drugs yours?
> A. No, sir.
> Q. So none of the drugs were yours?
> A. No, sir.
> Q. How about the money?
> A. No, sir.
> Q. Is that $21,000 yours?
> A. No, sir.
> Q. Was the money in the bedroom in the little — in the little thing, was that your money?
> A. No, sir.
> \* \* \*

---

[2]This list is only intended to support the court's perjury enhancement and not to be exhaustive.

Q. You can look if you need to.
A. Yeah. No, sir, that wasn't mine neither.
\* \* \*
Q. And the gun that was up there, was that your gun?
A. No, sir.
Q. Do you know whether that gun even worked?
A. I don't know.
\* \* \*
Q. Now, there was a lot of drugs found in that apartment. And none of those drugs were yours?
A. No, sir.
Q. And the money, none of the money was yours?
A. No, sir.
\* \* \*
Q. Moises, back on the 20th day of January in the Amarillo Division of the Northern District of Texas, did you intentionally and knowingly distribute, and possess with intent to distribute, a mixture and substance containing cocaine?
A. No, sir.
Q. Okay. On January 20, 2015, in the same district, did you knowingly and intentionally distribute, and possess with intent to distribute, 500 grams or more of mixtures and substance containing methamphetamine?
A. No, sir.
Q. Did you, in the same district on January 20th, 2015, have a Lorcin .25-caliber pistol in the furtherance of drug trafficking crime of distribution and possession?
A. No, sir.
Q. So are you telling this jury that you're innocent of these charges against you?
A. Yes, sir, I am.

III

Any objections to these tentative findings must be made no later than the deadline for filing objections to the presentence report.

**SO ORDERED**.

August 28, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE